UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **00-6244  CR-FERGUSON**

18 U.S.C. §§1028(a)(7), (c)(3)(A), and (f)
18 U.S.C. §1344
18 U.S.C. §2

**MAGISTRATE JUDGE SNOW**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| RONALD GIRALDO, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |



## INDICTMENT

The Grand Jury charges that:

## INTRODUCTION

At all times material to this Indictment:

1. NationsBank was a financial institution whose accounts were insured by the Federal Deposit Insurance Corporation, and which engaged in activities that affected interstate and foreign commerce. NationsBank had branches in Broward County and throughout the Southern District of Florida.

2. Bank of America is a financial institution that succeeded to the interests of NationsBank. Bank of America's accounts are insured by the Federal Deposit Insurance Corporation. Bank of America engages in activities that affect interstate and foreign commerce. Bank of America has branches in Broward County and throughout the Southern District of



Florida

## COUNT I

3. The allegations contained in paragraphs 1 and 2 are incorporated herein as though realleged in their entirety.

4. From on or about April 11, 2000, through on June 14, 2000, at Broward County, in the Southern District of Florida, the defendant,

### RONALD GIRALDO,

knowingly and willfully executed and attempted to execute a scheme and artifice to defraud NationsBank, and to obtain moneys, funds and assets owned by and under the custody and control of NationsBank and Bank of America by means of false and fraudulent pretenses, representations, and promises, in that the defendant knowingly and willfully provided another individual with a counterfeit and forged check drawn on the NationsBank account of Rafael A. Mendoza and made payable to Pedro Llamosa for $6,000.00, with the intent that the counterfeit and forged check be cashed on the Mendoza account.

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT II

5. The allegations contained in paragraphs 1 and 2 are incorporated herein as though realleged in their entirety.

6. On or about April 11, 2000, through June 14, 2000, at Broward County, in the Southern District of Florida, the defendant,

### RONALD GIRALDO,

knowingly, willfully, and without lawful authority, used and attempted to use, in and affecting

interstate and foreign commerce, a means of identification of another person, that is, a false Florida driver's license in the name of Pedro Llamosa, with the intent to commit, aid, and abet unlawful activity that constitutes a violation of Federal law, that is, the knowing and willful executing of and attempted executing of a scheme and artifice to defraud NationsBank, and to obtain moneys, funds and assets owned by and under the custody and control of NationsBank and Bank of America by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344, as specified in Count I;

All in violation of Title 18, United States Code, Sections 1028(a)(7), (c)(3)(A), and (f), and Section 2

A TRUE BILL

FOREPERSON

GUY A. LEWIS
UNITED STATES ATTORNEY

ROBIN S. ROSENBAUM
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| UNITED STATES OF AMERICA | CASE NO. _____2000R02213_____ |
|---|---|
| v. | **CERTIFICATE OF TRIAL ATTORNEY*** |
| RONALD GIRALDO | Superseding Case Information: |

New Defendant(s)    Yes ____    No ____
Number of New Defendants ____
Total number of counts ____

**Court Division:** (Select One)

___ Miami    ___ Key West
_X_ FTL    ___ WPB    ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No) _No_
   List language and/or dialect _____

4. This case will take __2__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)    (Check only one)

   | | | | | |
   |---|---|---|---|---|
   | I | 0 to 5 days | _x_ | Petty | ___ |
   | II | 6 to 10 days | ___ | Minor | ___ |
   | III | 11 to 20 days | ___ | Misdem. | ___ |
   | IV | 21 to 60 days | ___ | Felony | _X_ |
   | V | 61 days and over | ___ | | |

6. Has this case been previously filed in this District Court? (Yes or No) _No_
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) _No_
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No) _____No_____

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No    If yes, was it pending in the Central Region? ___ Yes ___ No

8. Did this case originate in the Narcotics Section, Miami? ___ Yes _X_ No

_____
ROBIN S. ROSENBAUM
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 908223

*Penalty Sheet(s) attached             REV 6/27/00

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**PENALTY SHEET**

Defendant Name: __RONALD GIRALDO__          Case No.: _____

Count #l: Bank fraud - 18 U.S.C. §1344

**Max. Penalty:** 30 years' imprisonment; $1,000,000.00 fine

Count #2: Identity theft - 18 U.S.C. §1028(a)(7), (c)(3)(A), and (f)

**Max. Penalty:** 15 years' imprisonment; $250,000.00 fine

Count:

**Max. Penalty:**

Count #:

**Max. Penalty:**

Count #:

**Max. Penalty:**

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.